1  JOSEPH W. COTCHETT (# 36324)
   PHILIP L. GREGORY  (# 95217)
2  JOSEPH C. WILSON  (# 249027)
   **COTCHETT, PITRE & McCARTHY**
3  San Francisco Airport Office Center
   840 Malcolm Road, Suite 200
4  Burlingame, CA  94010
   Telephone:  (650) 697-6000
5  Facsimile:  (650) 692-0577
   E-mail: jcotchett@cpmlegal.com
6         pgregory@cpmlegal.com
          jwilson@cpmlegal.com
7

8

9              **UNITED STATES DISTRICT COURT**

10            **NORTHERN DISTRICT OF CALIFORNIA**

11

12  IN RE:  KATRINA CANAL  BREACHES      Case No. 05-4182 "K" (2)
            CONSOLIDATED  LITIGATION      Miscellaneous Case No. CV 08 80007 MISC
13

14                                        **DECLARATION OF LEWIS SCOTT
                                          JOANEN IN SUPPORT OF THE**
15                                        **MOTION TO QUASH SUBPOENA
                                          ISSUED BY WASHINGTON GROUP**
16                                        **INTERNATIONAL, INC. OR,**
    PERTAINS TO MRGO                      **IN THE ALTERNATIVE, MOTION FOR**
17                                        **PROTECTIVE ORDER**

18

19

20

21

22

23

24

25

26

27

28

⊕
LAW OFFICES
COTCHETT,
PITRE &
McCARTHY

**Declaration of Lewis Scott Joanen in Support of  Plaintiffs' Motion to Quash Subpoena Issued
By Washington Group International, Inc. Or, In the Alternative, Motion for Protective Order,
Case No. 05-4182 "K" (2)**

1  I, Lewis Scott Joanen, hereby declare as follows:

2

3  1.  I am an attorney duly licensed to practice before all courts of the State of Louisiana and

4  California, as well as the Eastern District of Louisiana, Central District of California, and

5  Southern District of California.. I am an associate of the Law Offices of Joseph M.

6  Bruno. This law firm has served as litigation council for the MRGO PSLC since its

7  inception. I make this declaration of my own knowledge and would be competent to

8  testify as to the facts stated herein if called upon to do so.

9

10  2.  Attached to this Declaration as **Exhibit 1** is a true and correct copy of the Notice of

11  Subpoena to Professor Robert Bea and the accompanying subpoena duces tecum dated

12  January 31, 2008, served by Defendants herein.

13

14  3.  Attached is this Declaration as **Exhibit 2** is a true and correct copy of the Notice of

15  Subpoena issued to the Independent Levee Investigation Team ("ILIT").

16

17  4.  Prior to January 22, 2008, discussions were held between Joseph M. Bruno, Plaintiffs'

18  Liaison Counsel in the *In re Katrina Canal Breaches Consolidated Litigation* case and

19  William Treeby, counsel for WGI. A resolution of the conflict was not reached.

20

21  5.  On January 22, 2008 a Motion to Quash the Subpoena to ILIT was filed in the United

22  States District Court for the Northern District of California.

23

24  6.  On January 22, 2008, I spoke by telephone with William Treeby, counsel of record for

25  Washington Group, Inc. regarding it's subpoena to ILIT. Again there was no resolution to

26  the matter. These discussions were further memorialized by e-mail exchange. (**See**

27  **Exhibit 3**).

28

**Declaration of Lewis Scott Joanen in Support of Plaintiffs' Motion to Quash Subpoena Issued By Washington Group International, Inc. Or, In the Alternative, Motion for Protective Order, Case No. 05-4182 "K" (2)**

1

7.    On February 14, 2008 I again spoke with Mr. Treeby regarding it's subpoena issued to Professor Bea.  Both Mr. Treeby and myself agreed that our positions had not changed since January 22, 2008 regarding WGII's authority to obtain the requested documents from Professor Bea.

    I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on this 14th day of February, 2008 at New Orleans, Louisiana.

Lewis Scott Joanen

LAW OFFICES
COTCHETT,
PITRE &
McCARTHY

Declaration of Lewis Scott Joanen in Support of  Plaintiffs' Motion to Quash Subpoena Issued By Washington Group International, Inc. Or, In the Alternative, Motion for Protective Order, Case No. 05-4182 "K" (2)

2

1

2

**PROOF OF SERVICE**

3

I am employed in San Mateo County, which is where service of the document(s) referred to below occurred. I am over the age of 18 and not a party to the within action. My business address is Cotchett, Pitre & McCarthy, San Francisco Airport Center, 840 Malcolm Road, Suite 200, Burlingame, California 94010. I am readily familiar with Cotchett, Pitre & McCarthy's practices for the service of documents. On this date, I served a true copy of the following document(s) in the manner listed below:

4

5

6

7

**DECLARATION OF LEWIS SCOTT JOANEN IN SUPPORT OF THE MOTION TO QUASH SUBPOENA ISSUED BY WASHINGTON GROUP INTERNATIONAL, INC. OR, IN THE ALTERNATIVE, MOTION FOR PROTECTIVE ORDER**

8

9

__X__    **BY MAIL:** I am readily familiar with this firm's practice for collection and processing of correspondence for mailing. Following that practice, I placed a true copy of the aforementioned document(s) in a sealed envelope, addressed to each addressee, respectively, as specified below. The envelope was placed in the mail at my business address, with postage thereon fully prepaid, for deposit with the United States Postal Service on that same day in the ordinary course of business.

10

11

12

13

**SEE ATTACHED SERVICE LIST**

14

____    **BY OVERNIGHT COURIER SERVICE:** I am readily familiar with this firm's practice for causing documents to be served by overnight courier. Following that practice, I caused the sealed envelope containing the aforementioned document(s) to be delivered via overnight courier service to the addressee(s) specified below:

15

16

17

____    **BY FACSIMILE:** I am readily familiar with this firm's practice for causing documents to be served by facsimile. Following that practice, I caused the aforementioned document(s) to be transmitted to the telephone number(s) of the addressee(s) specified below:

18

19

____    **BY HAND DELIVERY:** I am readily familiar with this firm's practice for causing documents to be served by hand delivery. Following that practice, I caused the sealed envelope containing the aforementioned document(s) to be hand delivered to the addressee(s) specified below.

20

21

22

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed at Burlingame, California, on February 14, 2008.

23

24

25

_____/s/_____
MARY ANN BROWN

26

27

28

**PROOF OF SERVICE**

1

2

<u>**SERVICE LIST**</u>

3

**<u>VIA FIRST CLASS MAIL</u>**            *<u>Defense Liaison Counsel</u>*

4  Ralph S. Hubbard, III
   Seth A. Schmeeckle

5  LUGENBUHL, WHEATON, PECK, RANKIN
   & HUBBARD

6  27th Floor, Pan American Life Center
   601 Poydras Street

7  New Orleans, Louisiana 70130

8  **<u>VIA FIRST CLASS MAIL</u>**            *<u>Counsel for Washington Group</u>*
                                          *<u>International, Inc.</u>*
   William D. Treeby

9  Heather S. Lonian
   STONE, PIGMAN, WALTHER, WITTMAN, LLC

10  546 Carondelet Street
    New Orleans, Louisiana 70130

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

# EXHIBIT 1

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES
CONSOLIDATED LITIGATION

CIVIL ACTION

NO. 05-4182 "K" (2)

PERTAINS TO: BARGE

JUDGE DUVAL
MAG. WILKINSON

### NOTICE OF SUBPOENA REQUIRING THE
### PRODUCTION OF DOCUMENTS

Pursuant to the Court's Case Management and Scheduling Order No. 5, entered

September 18, 2007 (Docket No. 8974), and as subsequently amended ("CMO No. 5"), PLEASE

TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant

Washington Group International, Inc. ("WGII") has caused a subpoena *duces tecum* ("subpoena")

to be issued by the Northern District of California upon Robert G. Bea, a professor in the

University of California at Berkeley ("UC Berkeley") Department of Civil and Environmental

Engineering and the co-author of the Report published by the Independent Levee Investigation

Team ("ILIT"), led by the University of California at Berkeley and funded in part by the

University of California at Berkeley Center for Technology Research in the Interest of Society

("CITRIS"). The Subpoena has been directed to Prof. Robert G. Bea, at 212 McLaughlin Hall,

UC Berkeley, Berkeley, California 94720-1712. The subpoena is directed to Prof. Bea as a

member of ILIT and the co-author of the ILIT Report and seeks only those documents from him

in his capacity as such, and is not directed to Prof. Bea, and therefore does not seek documents

from him, as an expert retained by counsel as of March, 2007 in connection with the *In re*

*Katrina Canal Breaches Consol. Litig.* A courtesy copy of the subpoena has also been provided

to counsel for UC Berkeley, Christopher M. Patti, University Counsel, 1111 Franklin Street, 8th

Floor, Oakland, California 94607-5200.

The subpoena requires the production of documents as described and designated in the

attached Schedule A, at 10:00 a.m., February 29, 2008, at the offices of Jones Day, 555

California Street, 26th Floor, San Francisco, California 94104-1500.

The notice, service, and enforcement of this subpoena is without prejudice to the pending

motion of WGII to dismiss, or any other similar motion to be filed by WGII, and shall not be

deemed a waiver by WGII of any right.

Dated:  January 30, 2008                          Respectfully submitted,


                                                  /s/ William D. Treeby
                                                  William D. Treeby, 12901
                                                  Carmelite M. Bertaut, 3054
                                                  Heather S. Lonian, 29956
                                                            Of
                                                  Stone Pigman Walther Wittmann L.L.C.
                                                  546 Carondelet Street
                                                  New Orleans, Louisiana 70130
                                                  Telephone: (504) 581-3200
                                                  Facsimile: (504) 581-3361

                                                  Attorneys for Washington Group
                                                  International, Inc.

                                                  Of counsel
                                                  Adrian Wager-Zito
                                                  Jones Day
                                                  51 Louisiana Avenue, N.W.
                                                  Washington, D.C. 20001-2113
                                                  Telephone: (202) 879-3891
                                                  Facsimile: (202) 626-1700

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE: KATRINA CANAL BREACHES
CONSOLIDATED LITIGATION

CIVIL ACTION

NO. 05-4182 "K" (2)

PERTAINS TO: BARGE

JUDGE DUVAL
MAG. WILKINSON

**NOTICE OF SUBPOENA REQUIRING THE**
**PRODUCTION OF DOCUMENTS**

Pursuant to the Court's Case Management and Scheduling Order No. 5, entered

September 18, 2007 (Docket No. 8974), and as subsequently amended ("CMO No. 5"), PLEASE

TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant

Washington Group International, Inc. ("WGII") has caused a subpoena *duces tecum* ("subpoena")

to be issued by the Northern District of California upon Robert G. Bea, a professor in the

University of California at Berkeley ("UC Berkeley") Department of Civil and Environmental

Engineering and the co-author of the Report published by the Independent Levee Investigation

Team ("ILIT"), led by the University of California at Berkeley and funded in part by the

University of California at Berkeley Center for Technology Research in the Interest of Society

("CITRIS"). The Subpoena has been directed to Prof. Robert G. Bea, at 212 McLaughlin Hall,

UC Berkeley, Berkeley, California 94720-1712. The subpoena is directed to Prof. Bea as a

member of ILIT and the co-author of the ILIT Report and seeks only those documents from him

in his capacity as such, and is not directed to Prof. Bea, and therefore does not seek documents

from him, as an expert retained by counsel as of March, 2007 in connection with the *In re*

*Katrina Canal Breaches Consol. Litig.* A courtesy copy of the subpoena has also been provided

to counsel for UC Berkeley, Christopher M. Patti, University Counsel, 1111 Franklin Street, 8th

Floor, Oakland, California 94607-5200.

The subpoena requires the production of documents as described and designated in the

attached Schedule A, at 10:00 a.m., February 29, 2008, at the offices of Jones Day, 555

California Street, 26th Floor, San Francisco, California 94104-1500.

The notice, service, and enforcement of this subpoena is without prejudice to the pending

motion of WGII to dismiss, or any other similar motion to be filed by WGII, and shall not be

deemed a waiver by WGII of any right.

Dated:  January 30, 2008 _                               Respectfully submitted,


                                        _/s/ William D. Treeby_____   _____
                                        William D. Treeby, 12901
                                        Carmelite M. Bertaut, 3054
                                        Heather S. Lonian, 29956
                                                Of
                                        Stone Pigman Walther Wittmann L.L.C.
                                        546 Carondelet Street
                                        New Orleans, Louisiana 70130
                                        Telephone:  (504) 581-3200
                                        Facsimile:  (504) 581-3361

                                        Attorneys for Washington Group
                                        International, Inc.

                                        Of counsel
                                        Adrian Wager-Zito
                                        Jones Day
                                        51 Louisiana Avenue, N.W.
                                        Washington, D.C. 20001-2113
                                        Telephone:  (202) 879-3891
                                        Facsimile:  (202) 626-1700

AO88 (Rev. 12/06) Subpoena in a Civil Case

### Issued by the

# UNITED STATES DISTRICT COURT

Northern        **DISTRICT OF**        California

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION<br>V.<br><br>Pertains to:  BARGE | **SUBPOENA IN A CIVIL CASE** |

Case Number:[1]   05-4182 "K" (2)

TO: Robert G. Bea
    212 McLaughlin Hall
    University of California at Berkeley
    Berkeley, CA  94720-1712

(pending in the United States
District Court for the Eastern
District of Louisiana before the
Hon. Stanwood R. Duval, Jr.)

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Schedule A.

| PLACE   Jones Day<br>     555 California Street, 26th Floor, San Francisco, CA 94104-1500 | DATE AND TIME<br>2/29/2008 10:00 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Aaron L. Agenbroad, Jones Day, 555 California Street, 26th Floor, San Francisco, CA 94104-1500, (415-626-3939), Counsel for Washington Group International, Inc.

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE |
| SERVED | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45. Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

<u>SCHEDULE A</u>

This subpoena is to be answered in accordance with the provisions of Federal Rule of

Civil Procedure 45(d)(1) and in accordance with the following definitions and instructions:

A.    **Definitions**

The terms set forth below are defined as follows unless otherwise stated:

1.    "Document(s)," "data," "report(s)," "information," and "material(s)" shall be used

in the broadest sense contemplated by Federal Rule of Civil Procedure 34, and shall include any

writing of any kind, including, without limitation, any written, printed, taped, electronically or

digitally encoded, graphic or other information, including, without limitation, originals, identical

copies, translations and drafts thereof and all copies bearing notations and marks not found on

the original. "Document(s)," "data," "report(s)," "information," and "material(s)" includes,

without limitation, affidavits; agreements; analyses; appointment books; articles from

publications; workpapers of any kind; books; calendars; charts; checks (canceled or uncancelled);

check stubs; communications; computer disks, print outs, tapes; confirmations; contracts;

correspondence; credit card receipts; desk calendars; deskpads; diaries; diskettes; drafts;

electronic mail; estimates; evaluations; facsimiles; files; filings; forms; graphs; invoices; journals;

ledgers; letters; lists; maps; meeting minutes; memoranda; notations; notes; opinions; orders;

pamphlets; papers; pictures; press releases; publications; receipts; recordings of conferences,

conversations, or meetings; reports; statements; statistical records; studies; summaries;

tabulations; telegrams; telephone records; telex messages; transcripts; understandings; videotapes;

vouchers; and sheets or things similar to any of the foregoing however denominated.

"Document(s)," "data," "report(s)," "information," and "material(s)" further means any

document now or at any time in the possession, custody or control of the entity to whom these

Requests are directed (together with any predecessors, successors, affiliates, subsidiaries or

divisions thereof, and their officers, directors, employees, agents and attorneys).  Without

limiting the term "control" as used in the preceding sentence, a person is deemed to be in control

of a document if the person has the right to secure the document or a copy thereof from another

person having actual possession thereof.

2.     "Concerning," "regarding," "relating to," and "demonstrating" means referring to,

describing, discussing, evidencing, or constituting.

3.     "ILIT" means the Independent Levee Investigation Team, led by the University of

California at Berkeley and funded in part by the University of California at Berkeley's Center for

Technology Research in the Interest of Society ("CITRIS"); any of ILIT's members, employees,

affiliates, representatives, advisors, agents, attorneys or associates; or any other person acting on

behalf of the ILIT in any capacity.

4.     "You," or "Your" means Robert G. Bea, a professor in the UC Berkeley

Department of Civil and Environmental Engineering and the co-author of the Report published

by the Independent Levee Investigation Team ("ILIT"), led by the University of California at

Berkeley and funded in part by the University of California at Berkeley Center for Technology

Research in the Interest of Society ("CITRIS"), and any agents, designees, representatives or

other persons acting on your behalf or at your request.  The subpoena is directed to Prof. Bea as a

member of ILIT and the co-author of the ILIT Report and seeks only those documents from him

in his capacity as such, and is not directed to Prof. Bea, and therefore does not seek documents

from him, as an expert retained by counsel as of March, 2007 in connection with the *In re*

*Katrina Canal Breaches Consol. Litig.*

2

5.    "Person" or "individual" means any natural person or any business, legal, or government entity or association.

6.    "Meeting" means the contemporaneous presence of any natural persons, whether or not such presence occurred by chance or was prearranged and whether or not the meeting was formal or informal or occurred in connection with some other activity, and whether or not the meeting took place via telephonic, telegraphic video or in-person, or otherwise.

7.    "Including" means including without limitation.

8.    "Identify," when used in reference to a person, means to state his, her, or its full name, present or last known address, and telephone number.

9.    Unless otherwise set forth specifically in a request, the relevant time period applicable to this subpoena is August 29, 2005 through and including the date of your document production.

10.    "Hurricane Katrina" means the hurricane that made landfall along the Mississippi Gulf Coast to the east of the New Orleans, Louisiana area on or about the morning of August 29, 2005.

11.    "WGII" means Washington Group International, Inc., a division of URS Corporation.

12.    "Canal" shall include the waterway itself, as well as any and all adjacent flood control structures and/or spoil banks, including levees and floodwalls.

13.    "MRGO" means the Mississippi River Gulf Outlet Navigation Canal, as well as any and all adjacent flood control structures and/or spoil banks, including levees and floodwalls.

14.    "GIWW" means the Gulf Intracoastal Waterway, as well as any and all adjacent flood control structures and/or spoil banks, including levees and floodwalls.

3

15. "Industrial Canal" means the Inner Harbor Navigation Canal, also referred to locally as the Industrial Canal, that connects Lake Pontchartrain, the Mississippi River, and the segment of the GIWW between New Orleans East and St. Bernard Parish.

16. "Breach(es)" means the failure, during and/or immediately after Hurricane Katrina, other than from overtopping, of a levee, berm, spoil bank, levee wall, and/or flood wall resulting in the release of floodwater.

17. "Adjacent to" means next to, along, near, or on/or near the boundary of property or a specific area.

18. "East Bank Industrial Area" ("EBIA") means the 32-acre parcel of land in New Orleans bordered by Florida and Claiborne Avenues to the north and south along the eastern edge of the Industrial Canal and bounded on the east by the levee and/or floodwall.

**B.      Instructions**

1. The documents sought in these Requests include all documents in your possession, custody or control. Unless otherwise indicated, these Requests seek all documents generated or received by you during the Relevant Period.

2. You shall produce all documents in the manner in which they are maintained in the usual course of your business and/or you shall organize and label the documents to correspond with the categories in these Requests. A Request for a document shall be deemed to include a request for any and all file folders in which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the document itself.

3. Each document withheld from production based upon privilege or any similar claim shall be identified by: (a) the type of document; (b) the general subject matter of the

4

document; (c) the date of the document; and (d) such other information as is sufficient to identify the document, including, without limitation, the author of the document, the relationship of the author and any recipient to each other. The nature of each claim of privilege shall be set forth in sufficient detail to enable a determination to be made concerning the reasons for the privilege claim.

4.    Documents attached to each other should not be separated.

5.    Documents not otherwise responsive to these Requests shall be produced if such documents mention, discuss, refer to, or explain the documents that are called for by these Requests.

6.    If any document within the scope of these Requests has been destroyed, that document shall be identified, including, without limitation, identification of its author(s), intended or unintended recipient(s), addressee(s), intended or unintended recipients of blind copies, date and subject matter. The circumstances of such destruction shall be set forth, and any documents relating to such destruction shall be produced.

7.    In producing documents and other materials, you are requested to furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, accountants or investigators, or by your attorney or their agents, employees, representatives or investigations.

8.    If you object to any part of any request, you shall state fully the nature of the objection. Notwithstanding any objections, you shall nonetheless comply fully with the other parts of the request not objected to.

5

9.    Each Request shall be construed independently and not with reference to any other document Request for the purpose of limitation.

10.    "All" and "each" shall be construed as "all and each."

11.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery Request all responses that might otherwise be construed to be outside the scope.

12.    The use of the singular form of any word includes the plural and vice versa. The past tense shall include the present tense and vice versa.

13.    The documents shall be produced in full, without abbreviation or expurgation.

### SPECIFICATIONS OF DOCUMENTS TO BE PRODUCED

As indicated above, the Specifications of Documents to be Produced are directed to Prof. Bea as a member of ILIT and the co-author of the ILIT Report and seeks only those documents from him in his capacity as such, and is not directed to Prof. Bea, and therefore does not seek documents from him, as an expert retained by counsel as of March, 2007 in connection with the *In re Katrina Canal Breaches Consol. Litig.*:

1) documents, including statements of eyewitnesses or other interviews provided to you or any other member of ILIT, reflecting instances in which residents of the Lower Ninth Ward in New Orleans, Louisiana or others encountered difficulty dewatering excavations in or adjacent to the EBIA

2) documents provided to you or any other member of ILIT reflecting reports of underseepage and/or ponding of water along or adjacent to the Industrial Canal at the west edge of the Lower Ninth Ward in New Orleans

3) documents, including statements or other interviews provided to you or any other member of ILIT, reflecting complaints or other expressions of concern by residents of the Lower Ninth Ward and St. Bernard Parish concerning underseepage and/or ponding of water along or adjacent to the Industrial Canal, including who made those complaints, when those complaints were made, and to whom those complaints were made

6

4)  documents supporting the conclusion ILIT made in Chapter 11, page 11-5 of the ILIT July 31, 2006 Final Report that the "main breaches that were the principal source of flooding for both the St. Bernard/Lower Ninth Ward protected area and the New Orleans East protected area were the levee frontages facing 'Lake' Borgne (which is actually a bay, as it is connected directly to the Gulf of Mexico)"

5)  documents provided to you or any other member of ILIT reflecting that WGII was made aware or warned of underseepage of water along or adjacent to the Industrial Canal, particularly in the EBIA

6)  documents provided to you or any other member of ILIT reflecting that any other person (including, but not limited to any natural person or any business, legal, or government entity or association) was made aware or warned of underseepage of water along or adjacent to the Industrial Canal, particularly in the EBIA

7)  documents requests or other requests for information from you or any other member of ILIT to McElwee Brothers, Inc. or any other individual in connection with your investigation of Hurricane Katrina and its effects in the Industrial Canal and your preparation of the ILIT July 31, 2006 Final Report, or any interim drafts thereof

8)  documents provided to you or any other member of ILIT by McElwee Brothers, Inc. or any other individual in connection with your investigation of Hurricane Katrina and its effects in the Industrial Canal and your preparation of the ILIT July 31, 2006 Final Report, or any interim drafts thereof

9)  communications between you or any other member of ILIT with McElwee Brothers, Inc., Melvin M.L. McElwee, Sr., Sylvia Hurst, and/or any person acting on behalf of McElwee Brothers, Inc.

10)  documents reflecting instances of disagreement among any members of the ILIT regarding conclusions in the ILIT July 31, 2006 Final Report, or any interim drafts thereof

11)  documents reflecting theories examined or investigated by you or any other member of ILIT surrounding the breaches of the levees and flood walls along or adjacent to the EBIA in the Industrial Canal at the west edge of the Lower Ninth Ward in New Orleans

12)  documents reflecting theories examined or investigated by you or any other member of ILIT that a runaway barge, i.e. a barge that had broken free of its moorings, caused the breaches of the levees and flood walls along or adjacent to the EBIA in the Industrial Canal at the west edge of the Lower Ninth Ward in New Orleans

13)  documents supporting the conclusion ILIT made in Chapter 6, page 6-7 of the ILIT July 31, 2006 Final Report that "the barge [ING4727] slipped its moorings and was eventually drawn in through a breach that was already well developed"

7

14) documents provided to you or any other member of ILIT reflecting or evidencing the theory that barge ING4727, or any other barge, caused or contributed to the breaches of the levees and flood walls along or adjacent to the EBIA in the Industrial Canal at the west edge of the Lower Ninth Ward in New Orleans

15) documents reflecting the number of visits you made to New Orleans in connection with the ILIT Hurricane Katrina investigation, including, but not limited to, time sheets or similar documents you used to document the time you spent in New Orleans in connection with the ILIT Hurricane Katrina investigation

16) documents reflecting what portions of the ILIT Hurricane Katrina investigation were funded by CITRIS

17) photographs taken by you or any other member of ILIT in connection with ILIT's investigation of Hurricane Katrina, particularly in the Industrial Canal and the EBIA

18) documents describing, reflecting, and/or defining the legal status, organization, and funding sources of ILIT

19) copies of videos, webcasts, podcasts or other public interviews you have given concerning the ILIT Hurricane Katrina investigation

8

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing Notice of Subpoena Requiring the

Production of Documents and Schedule A has been served upon all counsel of record through the

Court's CM/ECF electronic filing system or by placing same in the United States mail, postage

prepaid and properly addressed, this 30th day of January, 2008.

_/s/ Heather S. Lonian_____
Heather S. Lonian

# EXHIBIT 2

F. AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

Northern                                                    California
_____ DISTRICT OF _____

In Re: KATRINA CANAL BREACHES
CONSOLIDATED LITIGATION                    **SUBPOENA IN A CIVIL CASE**
V.

Pertains to: MRGO                          Case Number:[1]  05-4182 "K" (2)

Independent Levee Investigation Team                (pending in the United States
TO: University of California at Berkeley             District Court for the Eastern
Center for Technology Research in the Interest of Society   District of Louisiana before the
281 Hearst Memorial Mining Building, UC Berkeley      Hon. Stanwood R. Duval, Jr.)
Berkeley, CA 94720-1764

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

See attached Schedule A.

| PLACE    Jones Day | DATE AND TIME |
|---|---|
| 555 California Street, 26th Floor, San Francisco, CA 94104-1500 | 12/19/2007 10:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  | 11/19/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Aaron L. Agenbroad, Jones Day, 555 California Street, 26th Floor, San Francisco, CA 94104-1500, (415-626-3939)
Counsel for Washington Group International, Inc.

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| **SERVED** |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES          CIVIL ACTION
CONSOLIDATED LITIGATION
                                       NO. 05-4182 "K" (2)

PERTAINS TO: MRGO                      JUDGE DUVAL
                                       MAG. WILKINSON

### NOTICE OF SUBPOENA REQUIRING THE
### PRODUCTION OF DOCUMENTS

Pursuant to the Court's Case Management and Scheduling Order No. 4, entered March 1,

2007 (Docket No. 3299), and as subsequently amended ("CMO No. 4"). PLEASE TAKE

NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant

Washington Group International, Inc. ("WGII") has caused a subpoena *duces tecum* ("subpoena")

to be issued by the United States District Court for the Northern District of California upon the

Independent Levee Investigation Team ("ILIT"), led by the University of California at Berkeley

and funded in part by the University of California at Berkeley Center for Technology Research

in the Interest of Society ("CITRIS"). The Subpoena has been directed to CITRIS, located at

281 Hearst Memorial Mining Building #1764, University of California, Berkeley, Berkeley,

California  94720-1764.

The subpoena requires the production of documents as described and designated in the

attached Schedule A, at 10:00 a.m., December 19, 2007, at the offices of Jones Day, 555

California Street, 26th Floor, San Francisco, California 94104-1500.

The notice, service, and enforcement of this subpoena is without prejudice to the pending

motion of WGII to dismiss, or any other similar motion to be filed by WGII, and shall not be

deemed a waiver by WGII of any right.

Dated: November 19, 2007                    Respectfully submitted.


                                            /s/ William D. Treeby
                                            William D. Treeby, 12901
                                            Carmelite M. Bertaut, 3054
                                            Heather S. Lonian, 29956
                                                        Of
                                            Stone Pigman Walther Wittmann L.L.C.
                                            546 Carondelet Street
                                            New Orleans, Louisiana 70130
                                            Telephone:  (504) 581-3200
                                            Facsimile:   (504) 581-3361

                                            Attorneys for Washington Group
                                            International, Inc.

                                            Of counsel
                                            Adrian Wager-Zito
                                            Jones Day
                                            51 Louisiana Avenue, N.W.
                                            Washington, D.C. 20001-2113
                                            Telephone:  (202) 879-4645
                                            Facsimile:  (202) 626-1700

## Schedule A

This subpoena is to be answered in accordance with the provisions of Federal Rule of Civil Procedure 45(d)(1) and in accordance with the following definitions and instructions:

A.    **Definitions**

The terms set forth below are defined as follows unless otherwise stated:

1.    "Document(s)," "data," "report(s)," "information," and "material(s)" shall be used in the broadest sense contemplated by Federal Rule of Civil Procedure 34, and shall include any writing of any kind, including, without limitation, any written, printed, taped, electronically or digitally encoded, graphic or other information, including, without limitation, originals, identical copies, translations and drafts thereof and all copies bearing notations and marks not found on the original. "Document(s)," "data," "report(s)," "information," and "material(s)" includes, without limitation, affidavits; agreements; analyses; appointment books; articles from publications; workpapers of any kind; books; calendars; charts; checks (canceled or uncancelled); check stubs; communications; computer disks, print outs, tapes; confirmations; contracts; correspondence; credit card receipts; desk calendars; deskpads; diaries; diskettes; drafts; electronic mail; estimates; evaluations; facsimiles; files; filings; forms; graphs; invoices; journals; ledgers; letters; lists; maps; meeting minutes; memoranda; notations; notes; opinions; orders; pamphlets; papers; pictures; press releases; publications; receipts; recordings of conferences, conversations, or meetings; reports; statements; statistical records; studies; summaries; tabulations; telegrams; telephone records; telex messages; transcripts; understandings; videotapes; vouchers; and sheets or things similar to any of the foregoing however denominated.

"Document(s)," "data," "report(s)," "information," and "material(s)" further means any document now or at any time in the possession, custody or control of the entity to whom these

1

Requests are directed (together with any predecessors, successors, affiliates, subsidiaries or divisions thereof, and their officers, directors, employees, agents and attorneys). Without limiting the term "control" as used in the preceding sentence, a person is deemed to be in control of a document if the person has the right to secure the document or a copy thereof from another person having actual possession thereof.

2. "Concerning," "regarding," "relating to," and "demonstrating" means referring to, describing, discussing, evidencing, or constituting.

3. "ILIT" means the Independent Levee Investigation Team, led by the University of California at Berkeley and funded in part by the University of California at Berkeley's Center for Technology Research in the Interest of Society ("CITRIS"); any of ILIT's members, employees, affiliates, representatives, advisors, agents, attorneys or associates; or any other person acting on behalf of the ILIT in any capacity.

4. "You," or "Your" means the ILIT and/or the University of California at Berkeley's Center for Technology Research in the Interest of Society ("CITRIS"), its predecessors, parents, subsidiaries, affiliates, and any of its present or former directors, officers, agents, employees, designees, assignees, representatives or other persons acting on its behalf.

5. "Person" or "individual" means any natural person or any business, legal, or government entity or association.

6. "Meeting" means the contemporaneous presence of any natural persons, whether or not such presence occurred by chance or was prearranged and whether or not the meeting was formal or informal or occurred in connection with some other activity, and whether or not the meeting took place via telephonic, telegraphic video or in-person, or otherwise.

7. "Including" means including without limitation.

2

8.    "Identify," when used in reference to a person, means to state his, her, or its full name, present or last known address, and telephone number.

9.    Unless otherwise set forth specifically in a request, the relevant time period applicable to this subpoena is January 1, 1965 through and including the date of your document production.

10.    "Hurricane Katrina" means the hurricane that made landfall along the Mississippi Gulf Coast to the east of the New Orleans, Louisiana area on or about the morning of August 29, 2005.

11.    "WGII" means Washington Group International, Inc.

12.    "Canal" shall include the waterway itself, as well as any and all adjacent flood control structures and/or spoil banks, including levees and floodwalls.

13.    "MRGO" means the Mississippi River Gulf Outlet Navigation Canal, as well as any and all adjacent flood control structures and/or spoil banks, including levees and floodwalls.

14.    "GIWW" means the Gulf Intracoastal Waterway, as well as any and all adjacent flood control structures and/or spoil banks, including levees and floodwalls.

15.    "Industrial Canal" means the Inner Harbor Navigation Canal, also referred to locally as the Industrial Canal, that connects Lake Pontchartrain, the Mississippi River, and the segment of the GIWW between New Orleans East and St. Bernard Parish.

16.    "Breach(es)" means the failure, during and/or immediately after Hurricane Katrina, other than from overtopping, of a levee, berm, spoil bank, levee wall, and/or flood wall resulting in the release of floodwater.

17.    "Adjacent to" means next to, along, near, or on/or near the boundary of property or a specific area.

18.    "East Bank Industrial Area" ("EBIA") means the 32-acre parcel of land in New

Orleans bordered by Florida and Claiborne Avenues to the north and south along the eastern

edge of the Industrial Canal and bounded on the east by the levee and/or floodwall.

**B.    Instructions**

1.    The documents sought in these Requests include all documents in your possession,

custody or control. Unless otherwise indicates, these Requests seek all documents generated or

received by you during the Relevant Period.

2.    You shall produce all documents in the manner in which they are maintained in

the usual course of your business and/or you shall organize and label the documents to

correspond with the categories in these Requests. A Request for a document shall be deemed to

include a request for any and all file folders in which the document was contained, transmittal

sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the

document itself.

3.    Each document withheld from production based upon privilege or any similar

claim shall be identified by: (a) the type of document; (b) the general subject matter of the

document; (c) the date of the document; and (d) such other information as is sufficient to identify

the document, including, without limitation, the author of the document, the relationship of the

author and any recipient to each other. The nature of each claim of privilege shall be set forth in

sufficient detail to enable a determination to be made concerning the reasons for the privilege

claim.

4.    Documents attached to each other should not be separated.

4

5.     Documents not otherwise responsive to these Requests shall be produced if such documents mention, discuss, refer to, or explain the documents that are called for by these Requests.

6.     If any document within the scope of these Requests has been destroyed, that document shall be identified, including, without limitation, identification of its author(s), intended or unintended recipient(s), addressee(s), intended or unintended recipients of blind copies, date and subject matter.  The circumstances of such destruction shall be set forth, and any documents relating to such destruction shall be produced.

7.     In producing documents and other materials, you are requested to furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, accountants or investigators, or by your attorney or their agents, employees, representatives or investigations.

8.     If you object to any part of any request, you shall state fully the nature of the objection.  Notwithstanding any objections, you shall nonetheless comply fully with the other parts of the request not objected to.

9.     Each Request shall be construed independently and not with reference to any other document Request for the purpose of limitation.

10.    "All" and "each" shall be construed as "all and each."

11.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery Request all responses that might otherwise be construed to be outside the scope.

5

12.    The use of the singular form of any word includes the plural and vice versa. The

past tense shall include the present tense and vice versa.

13.    The documents shall be produced in full, without abbreviation or expurgation.

### SPECIFICATIONS OF DOCUMENTS TO BE PRODUCED

1) documents, including statements of eyewitnesses or other interviews provided to ILIT, reflecting instances in which residents of the Lower Ninth Ward in New Orleans, Louisiana or others encountered difficulty dewatering excavations in or near the EBIA

2) documents reflecting reports of underseepage and/or ponding of water along the Industrial Canal at the west edge of the Lower Ninth Ward in New Orleans

3) documents, including statements or other interviews provided to ILIT, reflecting complaints or other expressions of concern by residents of the Lower Ninth Ward and St. Bernard Parish concerning underseepage and/or ponding of water along the Industrial Canal, including who made those complaints, when those complaints were made, and to whom those complaints were made

4) documents supporting the conclusion you made in Chapter 11, page 11-5 of your July 31, 2006 Final Report that the "main breaches that were the principal source of flooding for both the St. Bernard/Lower Ninth Ward protected area and the New Orleans East protected area were the levee frontages facing 'Lake' Borgne (which is actually a bay, as it is connected directly to the Gulf of Mexico)"

5) documents reflecting that WGII was made aware or warned of underseepage of water along the Industrial Canal, particularly in the EBIA

6) documents reflecting that any other person (including, but not limited to any natural person or any business, legal, or government entity or association) was made aware or warned of underseepage of water along the Industrial Canal, particularly in the EBIA

7) documents requests or other requests for information from ILIT to McElwee Brothers, Inc. or any other individual in connection with your investigation of Hurricane Katrina and its effects in the Industrial Canal and your preparation of your July 31, 2006 Final Report, or any interim drafts thereof

8) documents provided to ILIT by McElwee Brothers, Inc. or any other individual in connection with your investigation of Hurricane Katrina and its effects in the Industrial Canal and your preparation of your July 31, 2006 Final Report, or any interim drafts thereof

9) documents reflecting instances of disagreement among any members of the ILIT regarding conclusions in your July 31, 2006 Final Report, or any interim drafts thereof

6

10) documents reflecting theories examined or investigated by ILIT surrounding the breaches of the levees and flood walls along the EBIA in the Industrial Canal at the west edge of the Lower Ninth Ward in New Orleans

.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Notice of Subpoena Requiring the Production of Documents and Schedule A has been served upon all counsel of record through the Court's CM/ECF electronic filing system or by placing same in the United States mail, postage prepaid and properly addressed, this 19th day of November, 2007.

*/s/ Heather S. Lonian*
Heather S. Lonian

# EXHIBIT 3

## Scott Joanen

| From: | Scott Joanen |
|---|---|
| Sent: | Tuesday, January 22, 2008 5:23 PM |
| To: | 'Treeby, William D.'; Joe Bruno |
| Cc: | Shannon M Kasley; Wager-Zito, Adrian |

**Subject:** RE: Subpoena for ILIT

Bill,

I disagree with your assessment of this entire matter. A subpoena was issued to the ILIT team by your Jones Day counterparts seeking extensive documentation, and the subpoena did not specify any limitations concerning the production. I do not have any knowledge of any communications between your Jones Day San Francisco office counterpart's communications with any Cal, Berkeley entities other than that which was forwarded to me last Friday, January 18, 2008 as an email string. However, it is my understanding of the gist of communication, given to me by Chris Patti, was that Jones Day would not give him any breathing room to produce documents unless he agreed to waive any rights to quash or seek a protective order.

Given the hostile environment created by Jones Day, the MRGO PSLC felt the need to protect the interests of the litigation; especially since the production requests drafted by Jones Day does not utilize ANY language designed to minimize the improper request for the MRGO PSLC's expert materials. In our conversation Friday, you indicated that any attempts to resolve this issue would need to be taken up with the District Court for the Northern District of California. At no time did you or your Jones Day counterparts indicate a realistic effort to amicably resolve this issue. As a result, the MRGO PSLC has now undertaken substantial efforts to address this matter with the District Court for the Northern District of California.

Because this will be an original filing, it must be filed at the clerk's counter; said filing cannot be done via the PACER system. I expect that my motions will be filed before close of business today. I have left instruction that a conformed copy be sent to me in electronic format at the earliest opportunity in order that I may provide a courtesy copy to the interested parties. As this will entail a two hour time difference, I cannot promise that I will get that copy to you today. However, you can be assured that I will not leave you out of my courtesy copy production, and I will forward a copy of this document to your attention as soon as I get it.

In the meantime, please advise if you will be willing to accept formal service of my Motions and eliminate the need of incurring any additional expenses.

Scott Joanen
The Law Office of Joseph M. Bruno, APLC
855 Baronne Street
New Orleans, LA, 70113
Telephone: (504) 525-1335
Toll Free: 1-800-966-1335
Facsimile: (504) 561-6775
Email: scott@jbrunolaw.com

The information contained in this electronic message is attorney privileged and confidential information intended only for the use of the owner of the email address listed as the recipient of this message. If you are not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any disclosure, dissemination, distribution, or copying of this communication is strictly prohibited. If you have recieved this transmission in error, please immediately notify us by telephone at (504) 525-1335.

**From:** Treeby, William D. [mailto:wtreeby@stonepigman.com]
**Sent:** Tuesday, January 22, 2008 4:48 PM
**To:** Scott Joanen; Joe Bruno

**Cc:** Shannon M Kasley; Wager-Zito, Adrian
**Subject:** Subpoena for ILIT
**Importance:** High

Scott,

   As I explained to you earlier today, we have made it clear to your office and to those who received the subpoena in the Northern District of California that we were not trying to secure any documents or work product of Dr. Bea (in connection with our ILIT subpoena) that was created since Dr. Bea was retained by the plaintiffs in the Katrina litigation, which he has testified (I believe) was in March of 2007.  Any representation to the effect that WGII was attempting to "end run" expert discovery deadlines in the Katrina litigation by our subpoena to ILIT was wrong and misguided, and apparently ignored our earlier communications to this effect.

   You indicated that something has been filed in the Northern District of California called a "Motion to Remit".  We have not been served with any such documents and any supporting materials.  Since it is obviously intended to have the effect of delaying or thwarting subpoenas for documents in the Katrina litigation, please immediately serve me with those filings, since you know we represent WGII who was the party that served that subpoena.

   WTreeby


William D. Treeby (A Professional Corporation)
Stone Pigman Walther Wittmann LLC
546 Carondelet Street
New Orleans, LA 70130
Direct Dial (504) 593-0807
Direct Fax (504) 596-0807
e-mail <wtreeby@stonepigman.com>

_____

This communication is from a law firm and may be privileged and confidential. If you are not the intended recipient, please notify the sender by reply e-mail and destroy all copies of this communication.  The sender's name and other information in this e-mail are for information purposes only and are not electronic signatures.