1  Aaron L. Agenbroad (State Bar No. 242613)
   alagenbroad@jonesday.com
2  JONES DAY
   555 California Street, 26th Floor
3  San Francisco, CA  94104
   Telephone:     (415) 626-3939
4  Facsimile:      (415) 875-5700

5  Attorneys for WASHINGTON GROUP
   INTERNATIONAL, INC., A DIVISION OF URS
6  CORPORATION

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  **IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION** | **Case No. MISC. NO. 08-CV-80007MISC (PJH)** |
| 12 | |
| 13  **PERTAINS TO MR-GO** | **SUPPLEMENTAL DECLARATION OF SHANNON M. KASLEY IN FURTHER SUPPORT OF WASHINGTON GROUP INTERNATIONAL, INC.'S CROSS-MOTION TO COMPEL COMPLIANCE WITH THE SUBPOENA** |
| 14 | |
| 15  **(PENDING IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA AS CIVIL ACTION NO. 05-4182 "K" (2) BEFORE HON. STANWOOD R. DUVAL, JR.,** | |
| 16 | |
| 17 | Date:        March 5, 2008 |
| 18 | Time:        10:00 a.m. |
|    | Courtroom: G, 15th Floor |
| 19 | Judge:       Mag. Bernard Zimmerman |

20

21        I, SHANNON M. KASLEY, declare:

22        1.     I am Of Counsel with the law firm of Jones Day, located at 51 Louisiana Avenue,

23  N.W., Washington, D.C. 20001, (202) 879-3710 (telephone), (202) 626-1700 (facsimile).  I am a

24  member in good standing of the bars of New York, New Jersey, and the District of Columbia, and

25  the United States District Court, Eastern District of Louisiana has granted me leave to appear in

26  this matter as a foreign attorney in the above-captioned matter.  I submit this Supplemental

27  Declaration in further support of WGII's Cross-Motion to Compel UC-Berkeley to Comply with

28  WGII's November 19, 2007 Subpoena for the Production of Documents to the Independent Levee

SUPPLEMENTAL DECLARATION
OF SHANNON M. KASLEY

1    Investigation Team ("ILIT"), led by the University of California at Berkeley ("UC-Berkeley")

2    and funded in part by the University of California at Berkeley Center for Technology Research in

3    the Interest of Society ("CITRIS") ("Subpoena" or "ILIT Subpoena").  I have personal

4    knowledge of the matters stated in this declaration.  Jones Day represents Defendant Washington

5    Group International, Inc. ("WGII") in the above-captioned matter.  If called upon to do so, I could

6    and would testify to all matters set forth herein.

7         2.    Attached as Exhibit A is a true and correct copy of WGII's January 29, 2008

8    Federal Rule of Civil Procedure 45 Subpoena for the Production of Documents to Robert G. Bea,

9    which WGII caused to be served in connection with Barge category of cases currently pending in

10   the United States District Court for the Eastern District of Louisiana in the *In re Katrina Canal*

11   *Breaches Consolidated Litigation* matter (Civil Action No. 05-4182 E.D. La.) ("*In re Katrina*").

12        3.    Attached as Exhibit B is a true and correct copy of Lafarge North America, Inc.'s

13   December 4, 2007 Federal Rule of Civil Procedure 45 Subpoena Requiring the Production of

14   Documents to the Independent Levee Investigation Team ("ILIT"), led by the University of

15   California at Berkeley ("UC-Berkeley") and funded in part by the University of California at

16   Berkeley Center for Technology Research in the Interest of Society ("CITRIS"), which Lafarge

17   caused to be served in connection with Barge category of cases currently pending in the United

18   States District Court for the Eastern District of Louisiana in *In re Katrina*.

19        4.    Attached as Exhibit C is a true and correct copy of the Barge Plaintiffs' January 28,

20   2008 Notice of FRCP 45 Production Request to the Independent Levee Investigation Team, UC

21   Berkeley, which the Barge Plaintiffs caused to be served in connection with Barge category of

22   cases currently pending in the United States District Court for the Eastern District of Louisiana in

23   *In re Katrina*.

24        5.    Attached as Exhibit D is a true and correct copy of a printout of the website page

25   at http://risk.berkeley.edu/faculty_and_researches.html that identifies Robert Bea, as a Co-

26   Director of the Center for Catastrophic Risk Management.

27

28

SFI-579139v1

- 2 -

SUPPLEMENTAL DECLARATION
OF SHANNON M. KASLEY

1      6.     Attached as Exhibit E is a true and correct copy of a printout of the website page

2 "CITRIS Affiliate Centers" at www.citris-uc.org/partners/centers that identifies the Center for

3 Catastrophic Risk Management as a "CITRIS Affiliate Center."

4      7.     Attached as Exhibit F is a true and correct copy of a February 26, 2008 C. Patti e-

5 mail to S. Kasley.

6      I declare under penalty of perjury under the laws of the United States and California that

7 the foregoing is true and correct.  Executed this 27th day of February, 2008 at Washington,

8 District of Columbia.

9                                 /S/ Shannon M. Kasley

10                               Shannon M. Kasley

11      I hereby attest that I have on file all holograph signatures for any signatures indicated by a

12 "conformed" signature (/S/) within this efiled document.

13

14 Dated:  February 27, 2008                   /S/ Aaron L. Agenbroad

15                               Aaron L. Agenbroad

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

Northern _____ DISTRICT OF _____ California

In Re: KATRINA CANAL BREACHES
CONSOLIDATED LITIGATION
V.

Pertains to: BARGE

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  05-4182 "K" (2)

(pending in the United States
District Court for the Eastern
District of Louisiana before the
Hon. Stanwood R. Duval, Jr.)

TO: Robert G. Bea
212 McLaughlin Hall
University of California at Berkeley
Berkeley, CA 94720-1712

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Schedule A.

| PLACE     Jones Day<br>555 California Street, 26th Floor, San Francisco, CA 94104-1500 | DATE AND TIME<br>2/29/2008 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE<br>1/29/08 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Aaron L. Agenbroad, Jones Day, 555 California Street, 26th Floor, San Francisco, CA 94104-1500, (415-626-3939), Counsel for Washington Group International, Inc.

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

B 255 (11/91) (cont.)

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE<br>01-30-08 AT 1:40PM | PLACE<br>ROBERT G. BEA<br>212 MCLAUGHLIN HALL<br>UNIVERSITY OF CALIFORNIA AT BERKELEY<br>BERKELEY, CA 94720 |
| **SERVED** | | |
| SERVED ON (PRINT NAME)<br>ROBERT G. BEA | | MANNER OF SERVICE<br>PERSONAL SERVICE |
| SERVED BY (PRINT NAME)<br>CARLOS CASTRO | | TITLE<br>PROCESS SERVER |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on        JANUARY 30, 2008
                        DATE

SIGNATURE OF SERVER

REF: 3011910
NATIONWIDE LEGAL, INC,
CARLOS CASTRO
REG. NUMBER: 417
SAN FRANCISCO COUNTY

1255 POST STREET, SUITE #500
ADDRESS OF SERVER

SAN FRANCISCO, CALIFORNIA 94109

Rule 45, Federal Rules of Civil Procedure, Parts C & D:
(C) PROTECTION OF PERSON SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take responsible steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and and reasonable attorney's fees

(2) (A) A person commanded to produce and permit inspection and copying designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect or copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of the party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow for reasonable time for compliance:
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) if a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearances or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA
(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When the information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

<u>SCHEDULE A</u>

This subpoena is to be answered in accordance with the provisions of **Federal Rule of**

Civil Procedure 45(d)(1) and in accordance with the following definitions and instructions:

A.      **Definitions**

The terms set forth below are defined as follows unless otherwise stated:

1.      "Document(s)," "data," "report(s)," "information," and "material(s)" shall be used

in the broadest sense contemplated by Federal Rule of Civil Procedure 34, and shall include any

writing of any kind, including, without limitation, any written, printed, taped, **electronically or**

digitally encoded, graphic or other information, including, without limitation, **originals, identical**

copies, translations and drafts thereof and all copies bearing notations and marks **not found on**

the original.  "Document(s)," "data," "report(s)," "information," and "material(s)" includes,

without limitation, affidavits; agreements; analyses; appointment books; **articles from**

publications; workpapers of any kind; books; calendars; charts; checks (canceled or uncancelled);

check stubs; communications; computer disks, print outs, tapes; confirmations; contracts;

correspondence; credit card receipts; desk calendars; deskpads; diaries; diskettes; **drafts;**

electronic mail; estimates; evaluations; facsimiles; files; filings; forms; graphs; invoices; journals;

ledgers; letters; lists; maps; meeting minutes; memoranda; notations; notes; opinions; **orders;**

pamphlets; papers; pictures; press releases; publications; receipts; recordings of **conferences,**

conversations, or meetings; reports; statements; statistical records; studies; **summaries;**

tabulations; telegrams; telephone records; telex messages; transcripts; understandings; videotapes;

vouchers; and sheets or things similar to any of the foregoing however denominated.

"Document(s)," "data," "report(s)," "information," and "material(s)" further means any

document now or at any time in the possession, custody or control of the entity to whom these

1

Requests are directed (together with any predecessors, successors, affiliates, subsidiaries or divisions thereof, and their officers, directors, employees, agents and attorneys). Without limiting the term "control" as used in the preceding sentence, a person is deemed to be in control of a document if the person has the right to secure the document or a copy thereof from another person having actual possession thereof.

  2. "Concerning," "regarding," "relating to," and "demonstrating" means referring to, describing, discussing, evidencing, or constituting.

  3. "ILIT" means the Independent Levee Investigation Team, led by the University of California at Berkeley and funded in part by the University of California at Berkeley's Center for Technology Research in the Interest of Society ("CITRIS"); any of ILIT's members, employees, affiliates, representatives, advisors, agents, attorneys or associates; or any other person acting on behalf of the ILIT in any capacity.

  4. "You," or "Your" means Robert G. Bea, a professor in the UC Berkeley Department of Civil and Environmental Engineering and the co-author of the Report published by the Independent Levee Investigation Team ("ILIT"), led by the University of California at Berkeley and funded in part by the University of California at Berkeley Center for Technology Research in the Interest of Society ("CITRIS"), and any agents, designees, representatives or other persons acting on your behalf or at your request. The subpoena is directed to Prof. Bea as a member of ILIT and the co-author of the ILIT Report and seeks only those documents from him in his capacity as such, and is not directed to Prof. Bea, and therefore does not seek documents from him, as an expert retained by counsel as of March, 2007 in connection with the *In re Katrina Canal Breaches Consol. Litig.*

5.    "Person" or "individual" means any natural person or any business, legal, or government entity or association.

6.    "Meeting" means the contemporaneous presence of any natural persons, whether or not such presence occurred by chance or was prearranged and whether or not the meeting was formal or informal or occurred in connection with some other activity, and whether or not the meeting took place via telephonic, telegraphic video or in-person, or otherwise.

7.    "Including" means including without limitation.

8.    "Identify," when used in reference to a person, means to state his, her, or its full name, present or last known address, and telephone number.

9.    Unless otherwise set forth specifically in a request, the relevant time period applicable to this subpoena is August 29, 2005 through and including the date of your document production.

10.   "Hurricane Katrina" means the hurricane that made landfall along the Mississippi Gulf Coast to the east of the New Orleans, Louisiana area on or about the morning of August 29, 2005.

11.   "WGII" means Washington Group International, Inc., a division of URS Corporation.

12.   "Canal" shall include the waterway itself, as well as any and all adjacent flood control structures and/or spoil banks, including levees and floodwalls.

13.   "MRGO" means the Mississippi River Gulf Outlet Navigation Canal, as well as any and all adjacent flood control structures and/or spoil banks, including levees and floodwalls.

14.   "GIWW" means the Gulf Intracoastal Waterway, as well as any and all adjacent flood control structures and/or spoil banks, including levees and floodwalls.

3

15.    "Industrial Canal" means the Inner Harbor Navigation Canal, also referred to locally as the Industrial Canal, that connects Lake Pontchartrain, the Mississippi River, and the segment of the GIWW between New Orleans East and St. Bernard Parish.

16.    "Breach(es)" means the failure, during and/or immediately after Hurricane Katrina, other than from overtopping, of a levee, berm, spoil bank, levee wall, and/or flood wall resulting in the release of floodwater.

17.    "Adjacent to" means next to, along, near, or on/or near the boundary of property or a specific area.

18.    "East Bank Industrial Area" ("EBIA") means the 32-acre parcel of land in New Orleans bordered by Florida and Claiborne Avenues to the north and south along the eastern edge of the Industrial Canal and bounded on the east by the levee and/or floodwall.

**B.    Instructions**

1.    The documents sought in these Requests include all documents in your possession, custody or control.  Unless otherwise indicated, these Requests seek all documents generated or received by you during the Relevant Period.

2.    You shall produce all documents in the manner in which they are maintained in the usual course of your business and/or you shall organize and label the documents to correspond with the categories in these Requests.  A Request for a document shall be deemed to include a request for any and all file folders in which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the document itself.

3.    Each document withheld from production based upon privilege or any similar claim shall be identified by: (a) the type of document; (b) the general subject matter of the

document; (c) the date of the document; and (d) such other information as is sufficient to identify

the document, including, without limitation, the author of the document, the relationship of the

author and any recipient to each other. The nature of each claim of privilege shall be set forth in

sufficient detail to enable a determination to be made concerning the reasons for the privilege

claim.

      4.      Documents attached to each other should not be separated.

      5.      Documents not otherwise responsive to these Requests shall be produced if such

documents mention, discuss, refer to, or explain the documents that are called for by these

Requests.

      6.      If any document within the scope of these Requests has been destroyed, that

document shall be identified, including, without limitation, identification of its author(s),

intended or unintended recipient(s), addressee(s), intended or unintended recipients of blind

copies, date and subject matter. The circumstances of such destruction shall be set forth, and any

documents relating to such destruction shall be produced.

      7.      In producing documents and other materials, you are requested to furnish all

documents or things in your possession, custody or control, regardless of whether such

documents or materials are possessed directly by you or your directors, officers, agents,

employees, representatives, subsidiaries, managing agents, affiliates, accountants or investigators,

or by your attorney or their agents, employees, representatives or investigations.

      8.      If you object to any part of any request, you shall state fully the nature of the

objection. Notwithstanding any objections, you shall nonetheless comply fully with the other

parts of the request not objected to.

9.      Each Request shall be construed independently and not with reference to any other document Request for the purpose of limitation.

10.     "All" and "each" shall be construed as "all and each."

11.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery Request all responses that might otherwise be construed to be outside the scope.

12.     The use of the singular form of any word includes the plural and vice versa.  The past tense shall include the present tense and vice versa.

13.     The documents shall be produced in full, without abbreviation or expurgation.

## SPECIFICATIONS OF DOCUMENTS TO BE PRODUCED

As indicated above, the Specifications of Documents to be Produced are directed to Prof. Bea as a member of ILIT and the co-author of the ILIT Report and seeks only those documents from him in his capacity as such, and is not directed to Prof. Bea, and therefore does not seek documents from him, as an expert retained by counsel as of March, 2007 in connection with the *In re Katrina Canal Breaches Consol. Litig.*:

1) documents, including statements of eyewitnesses or other interviews provided to you or any other member of ILIT, reflecting instances in which residents of the Lower Ninth Ward in New Orleans, Louisiana or others encountered difficulty dewatering excavations in or adjacent to the EBIA

2) documents provided to you or any other member of ILIT reflecting reports of underseepage and/or ponding of water along or adjacent to the Industrial Canal at the west edge of the Lower Ninth Ward in New Orleans

3) documents, including statements or other interviews provided to you or any other member of ILIT, reflecting complaints or other expressions of concern by residents of the Lower Ninth Ward and St. Bernard Parish concerning underseepage and/or ponding of water along or adjacent to the Industrial Canal, including who made those complaints, when those complaints were made, and to whom those complaints were made

    4) documents supporting the conclusion ILIT made in Chapter 11, page 11-5 of the ILIT July 31, 2006 Final Report that the "main breaches that were the principal source of flooding for both the St. Bernard/Lower Ninth Ward protected area and the New Orleans East protected area were the levee frontages facing 'Lake' Borgne (which is actually a bay, as it is connected directly to the Gulf of Mexico)"

    5) documents provided to you or any other member of ILIT reflecting that WGII was made aware or warned of underseepage of water along or adjacent to the Industrial Canal, particularly in the EBIA

    6) documents provided to you or any other member of ILIT reflecting that any other person (including, but not limited to any natural person or any business, legal, or government entity or association) was made aware or warned of underseepage of water along or adjacent to the Industrial Canal, particularly in the EBIA

    7) documents requests or other requests for information from you or any other member of ILIT to McElwee Brothers, Inc. or any other individual in connection with your investigation of Hurricane Katrina and its effects in the Industrial Canal and your preparation of the ILIT July 31, 2006 Final Report, or any interim drafts thereof

    8) documents provided to you or any other member of ILIT by McElwee Brothers, Inc. or any other individual in connection with your investigation of Hurricane Katrina and its effects in the Industrial Canal and your preparation of the ILIT July 31, 2006 Final Report, or any interim drafts thereof

    9) communications between you or any other member of ILIT with McElwee Brothers, Inc., Melvin M.L. McElwee, Sr., Sylvia Hurst, and/or any person acting on behalf of McElwee Brothers, Inc.

    10) documents reflecting instances of disagreement among any members of the ILIT regarding conclusions in the ILIT July 31, 2006 Final Report, or any interim drafts thereof

    11) documents reflecting theories examined or investigated by you or any other member of ILIT surrounding the breaches of the levees and flood walls along or adjacent to the EBIA in the Industrial Canal at the west edge of the Lower Ninth Ward in New Orleans

    12) documents reflecting theories examined or investigated by you or any other member of ILIT that a runaway barge, i.e. a barge that had broken free of its moorings, caused the breaches of the levees and flood walls along or adjacent to the EBIA in the Industrial Canal at the west edge of the Lower Ninth Ward in New Orleans

    13) documents supporting the conclusion ILIT made in Chapter 6, page 6-7 of the ILIT July 31, 2006 Final Report that "the barge [ING4727] slipped its moorings and was eventually drawn in through a breach that was already well developed"

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing Notice of Subpoena Requiring the

Production of Documents and Schedule A has been served upon all counsel of record through the

Court's CM/ECF electronic filing system or by placing same in the United States mail, postage

prepaid and properly addressed, this 30th day of January, 2008.

_/s/ Heather S. Lonian_____

Heather S. Lonian

**EXHIBIT B**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| | * | |
| IN RE: KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| | * | |
| | * | NO. 05-4182 |
| | * | and consolidated cases |
| PERTAINS TO: BARGE | * | |
| | * | SECTION "K" (2) |
| *Boutte v. Lafarge*          05-5531 | * | |
| *Mumford v. Ingram*          05-5724 | * | |
| *Lagarde v. Lafarge*         06-5342 | * | JUDGE |
| *Perry v. Ingram*            06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge*          06-7516 | * | |
| *Parfait Family v. USA*      07-3500 | * | MAGISTRATE |
| | * | JOSEPH C. WILKINSON, JR. |
| | * | |

NOTICE OF SUBPOENA REQUIRING THE
PRODUCTION OF DOCUMENTS

Pursuant to the Court's Case Management and Scheduling Order No.5, entered

September 18, 2007 (Docket No. 7724), and as subsequently amended ("CMO No.5"), PLEASE

TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant

Lafarge North America Inc. ("LNA") caused on November 30, 2007, a subpoena duces tecum

("subpoena") to be issued by the United States District Court for the Northern District of

California upon the Independent Levee Investigation Team ("ILIT"), led by the University of

California at Berkeley and funded in part by the University of California at Berkeley Center for

Technology Research in the Interest of Society ("CITRIS"). The Subpoena has been directed to

CITRIS, located at 281 Hearst Memorial Mining Building #1764, University of California,

Berkeley, Berkeley, California 94720-1764.

LIBW/1663597.3

The subpoena requires the production of documents as described and designated in the attached Schedule A, at 10:00 a.m., December 28, 2007, at the offices of Goodwin Procter LLP, Three Embarcadero Center, 24th Floor, San Francisco, California 94111.

Dated: December 4, 2007                     Respectfully submitted,


                                            Respectfully submitted,

                                            Robert B. Fisher, Jr., T.A. (#5587)
                                            Derek A. Walker (#13175)
                                            Ivan M. Rodriguez (#22574)
                                            Parker Harrison (#27538)
                                            **CHAFFE MCCALL, L.L.P.**
                                            2300 Energy Centre
                                            1100 Poydras Street
                                            New Orleans, LA 70163-2300
                                            Telephone:  (504) 585-7000
                                            Facsimile:  (504) 585-7075
                                            Fisher@chaffe.com
                                            Walker@chaffe.com
                                            Harrison@chaffe.com


                                             /s/ John D. Aldock
                                            John D. Aldock
                                            Richard M. Wyner
                                            Mark S. Raffman
                                            **GOODWIN PROCTER LLP**
                                            901 New York Avenue, N.W.
                                            Washington, DC 20001
                                            Telephone:  (202) 346-4240


                                            Daniel A. Webb (#13294)
                                            **SUTTERFIELD & WEBB, LLC**
                                            Poydras Center
                                            650 Poydras Street, Suite 2715
                                            New Orleans, LA 70130
                                            Telephone:  (504) 598-2715


                                            *Attorneys for Lafarge North America Inc.*

LIBW/1663597.3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Notice of Subpoena Requiring the

Production of Documents, Subpoena and Schedule A has been served upon all counsel of record

through the Court's CM/ECF electronic filing system or by placing same in the United States

mail, postage prepaid and properly addressed, this December 4, 2007.


      /s/ John D. Aldock

AO88 (Rev. 12/06) Subpoena in a Civil Case

### Issued by the
# UNITED STATES DISTRICT COURT

| Northern | DISTRICT OF | California |
|---|---|---|

In re: Katrina Canal Breaches Consolidated Litigation

### V.

Pertains to: BARGE

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  05-4182 "K" (2) USDC EDLA

TO:  Independent Levee Investigation Team, UC Berkeley
     Center for Technology Research in the Interest of Society
     281 Hearst Memorial Mining Building, UC Berkeley
     Berkelely, CA 94720-1764

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
    testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
    in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
    place, date, and time specified below (list documents or objects):

See attached Schedule A.

| PLACE | DATE AND TIME |
|---|---|
| Goodwin Procter LLP | 12/28/2007 10:00 am |
| Three Embarcadero Center, 24th Floor, San Francisco, California 94111 | |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | 11/30/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Robert Bader, Goodwin Procter LLP, Three Embarcadero Center, 24th Floor, San Francisco, California 94111
(415) 733-6000 – Counsel for Lafarge North America Inc.

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

ROBERT BADER
GOODWIN PROCTER LLP
3 Embarcadero Center, 24th Floor
San Francisco, CA 94111
Telephone: (415) 733-6000
Attorney for: LaFarge North America Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE : KATRINA CANAL BREACHES CONSOLIDATED LITIGATION; PERTAINS TO: BARGE


Ref#: 226532    *    **PROOF OF SERVICE**    Case No.: 05-4182 "K" (2) USDC EDLA

At the time of service I was at least eighteen years of age and not a party to
this action and I served copies of the:

SUBPOENA IN A CIVIL CASE; SCHEDULE A




in the within action by personally delivering true copies thereof to the
person named below, as follows:

| | | |
|---|---|---|
| Witness | : | INDEPENDENT LEVEE INVESTIGATION TEAM, UC BERKELEY |
| By serving | : | Leslie Fales, Authorized Agent |
| Address | : | Center for Technology Research of Society<br>281 Hearst Memorial Mining Bldg.<br>Berkeley, CA 94720 |
| Date of Service: | November 30, 2007 | |
| Time of Service: | 1:30 PM | |
| Witness fees | : | Were not demanded or paid |

Person who served papers:
JENNIFER MARTINEZ                         Fee for service: $105.50
SPECIALIZED LEGAL SERVICES, INC.          Registered California process server.
1112 Bryant Street, Suite 200             (i) Employee or Independent Contractor
San Francisco, CA 94103                   (ii) Registration no.: 945
Telephone: (415) 357-0500                 (iii) County: San Francisco


I declare under penalty of perjury under the laws of the State of California
that the foregoing is true and correct.


Date: November 30, 2007              Signature _Jennifer Martinez_

## SCHEDULE A

This subpoena is to be answered in accordance with the provisions of Federal Rule of

Civil Procedure 45(d)(1) and in accordance with the following definitions and instructions:

LNA adopts the definitions and instructions in the subpoena served by Washington

Group International, Inc. ("WGII") on the Independent Levee Investigation Team ("ILIT") on

November 19, 2007.

### SPECIFICATIONS OF DOCUMENTS TO BE PRODUCED

1) documents, including statements of eyewitnesses or other interviews provided to ILIT, reflecting instances in which residents of the Lower Ninth Ward in New Orleans, Louisiana or others encountered difficulty dewatering excavations in or near the EBIA

2) documents reflecting reports of underseepage and/or ponding of water along the Industrial Canal at the west edge of the Lower Ninth Ward in New Orleans

3) documents, including statements or other interviews provided to ILIT, reflecting complaints or other expressions of concern by residents of the Lower Ninth Ward and St. Bernard Parish concerning underseepage and/or ponding of water along the Industrial Canal, including who made those complaints, when those complaints were made, and to whom those complaints were made

4) documents supporting the conclusion you made in Chapter 11, page 11-5 of your July 31, 2006 Final Report that the "main breaches that were the principal source of flooding for both the 81. St. Bernard/Lower Ninth Ward protected area and the New Orleans East protected area were the levee frontages facing 'Lake' Borgne (which is actually a bay, as it is connected directly to the Gulf of Mexico)"

5) documents reflecting that WGII was made aware or warned of underseepage of water along the Industrial Canal, particularly in the EBIA

6) documents reflecting that any other person (including, but not limited to any natural person or any business, legal, or government entity or association) was made aware or warned of underseepage of water along the Industrial Canal, particularly in the EBIA

7) documents requests or other requests for information from ILIT to McElwee Brothers, Inc. or any other individual in connection with your investigation of Hurricane Katrina and its effects in the Industrial Canal and your preparation of your July 31, 2006 Final Report, or any interim drafts thereof

8) documents provided to ILIT by McElwee Brothers, Inc. or any other individual in connection with your investigation of Hurricane Katrina and its effects in the Industrial Canal and your preparation of your July 31, 2006 Final Report, or any interim drafts thereof

9) documents reflecting instances of disagreement among any members of the ILIT regarding conclusions in your July 31, 2006 Final Report, or any interim drafts thereof

10) documents reflecting theories examined or investigated by ILIT surrounding the breaches of the levees and flood walls along the EBIA in the Industrial Canal at the west edge of the Lower Ninth Ward in New Orleans

11) documents relating to the conclusion that the barge ING 4727 did not cause any of the breaches in the Inner Harbor Navigational Canal

12) documents relating to the conclusion that factors other than the barge ING 4727 caused the breaches in the Inner Harbor Navigational Canal

13) documents relating to individuals who were present in the Lower Ninth Ward during Hurricane Katrina

**EXHIBIT C**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION |
|  | * | NO. 05-4182 |
| PERTAINS TO: BARGE | * * | and consolidated cases |
|  | * | SECTION "K" (2) |
| Boutte v. Lafarge          05-5531 | * |  |
| Mumford v. Ingram          05-5724 | * |  |
| Lagarde v. Lafarge         06-5342 | * | JUDGE |
| Perry v. Ingram            06-6299 | * | STANWOOD R. DUVAL, JR. |
| Benoit v. Lafarge          06-7516 | * |  |
| Parfait Family v. USA      07-3500 | * | MAG. |
| Lafarge v. USA             07-5178 | * | JOSEPH C. WILKINSON, JR. |
|  | * |  |

## NOTICE OF FRCP 45 PRODUCTION REQUEST

TO:    All Counsel

**YOU ARE HEREBY NOTIFIED** of the FRCP 45 Production Request of the following named organization, to produce under oath, before a court reporter or other person authorized to administer oaths, at the place, date and time stated below, to continue from day to day until concluded, the documents and things specified below.

You are invited to attend and participate as is appropriate according to law.

RESPONDENT:              **Independent Levee Investigation Team
                          UC Berkeley
                          Leslie Fales, Authorized Agent
                          Center for Technology Research of Society
                          281 Hearst Memorial Mining Bldg.
                          Berkley, California**

LOCATION:                                    If By Mail:
                                             **Law Office of Brian A. Gilbert**
                                             **821 Baronne Street**
                                             **New Orleans, Louisiana   70113**

                                             Or

                                             If Local:
                                             **Mary Alexander & Associates**
                                             **44 Montgomery Street, Suite 1303**
                                             **San Francisco, CA   94104**

DATE/TIME:                                   **February 29, 2008 1:30 p.m.**

Please appear and produce at the Law Office of Brian A. Gilbert, 821 Baronne Street, at 1:30

p.m. on February 29, 2008, any and all of the following:

1)    Produce the report the University of California at Berkeley led Independent Levee
      Investigation Team (ILIT) known as "Investigation of the Performance of the New Orleans
      Flood Protection Systems in Hurricane Katrina on August 29, 2005". Provide
      complete copies of draft reports, preliminary reports and final report, for both Volume I
      (Main Text and Executive Summary) and Volume II (Appendices);

2)    Regarding said Volume I of said report, also provide any and all reference material, backup
      material, data, reports, exhibit material, data, calculations, studies, test results, photographs,
      diagrams, radar illustrations, imaging, models, simulations, calculations, e-mails, etc
      referenced or relied on by said report including but not limited to all materials referenced by
      Volume II, Appendices, including Appendix A "Terrestrial LIDAR Imagery of New Orleans
      Levees Affected by Hurricane Katrina", Appendix B, "Boring Logs", Appendix C, "CPT
      LOGS", Appendix D "STE Laboratory Testing", Appendix E, "U.C. Berkeley Laboratory
      Testing and ILIT In-Situ Field Vane Shearing Testing", Appendix F: Looking Back,
      Appendix G: Looking Forward; Appendix H: "How Safe is Safe?" and Appendix I "Erosion
      Test Results on New Orleans Levee Samples."

3)    Specifically with reference to the Inner Harbor Navigation Canal, to the extent not already
      provided in response to either demand 1 or 2 above, (whether such material was included in
      or relied upon for the said report), provide any and all reference material, backup material,
      data, reports, exhibit material, studies, test results, photographs, diagrams, radar illustrations,
      models, simulations, calculations, e-mails, etc., that pertain to the two breaches that occurred
      to the east bank flood wall or levee adjacent to the 9th Ward Neighborhood including but not
      limited to any and all documents concerning ING 4727 and what role if any it possibly had.

4)   Any and all documents, things, accounts, texts, studies, statements, assumptions, data, calculations and other writings, things, facts and opinions you received, obtained, reviewed, relied upon and/or generated in connection with any and all of the above referenced.

5)   Affidavit of authenticity of all of above.

Respectfully Submitted
BARGE P.S.L.C.

**LAW OFFICE OF BRIAN A. GILBERT**

/s/ Brian A. Gilbert
**BRIAN A. GILBERT (#21297)**
821 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 885-7700
Attorney for Plaintiffs

**WIEDEMANN & WIEDEMANN**

/s/ Lawrence D. Wiedemann
**LAWRENCE D. WIEDEMANN (#13457)**
**KARL WIEDEMANN, (#18502)**
**KAREN WIEDEMANN, (#21151)**
821 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 581-6180
Attorneys for Plaintiffs

/s/ Patrick J. Sanders
**PATRICK J. SANDERS (#18741)**
Attorney at Law
3123 Ridgelake Drive, Ste. B
Metairie, Louisiana   70002
Phone: 504/834-0646
Fax: 504/835-2401
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been served upon counsel of record, by United States Mail, postage prepaid and properly addressed, facsimile, and/or ECF upload, this 28th day of January, 2008.

\s\Brian A. Gilbert

**EXHIBIT D**

Center for Catastrophic Risk Management

# Center for Catastrophic Risk Management

**Providing solutions for catastrophic risks to societal infrastructures**

home    research    events & seminars    organization    faculty & researchers    affiliations    calendar    contact

| Buellton, California, 2007 | Faculty and Researchers of CCRM | Buellton, California, 2007 |
|---|---|---|



| | **Leadership:** | |
| | Michael Hanemann (Co-Director), | |
| | Professor of Agricultural and Resource Economics and of Public Policy | |
| | hanemann@are.berkeley.edu | |



Robert Bea (Co-Director), Professor of Civil Engineering
bea@ce.berkeley.edu
http://www.ce.berkeley.edu/~bea/

Daniel Farber (Co-Director), Professor of Law
dfarber@law.berkeley.edu

Karlene Roberts (Co-Director), Professor in the Graduate School
karlene@haas.berkeley.edu

**UC Berkeley CCRM Student Firefighters, Los Padres National Forest Wildfire**

**Faculty Members:**
Abolhassan Astaneh-Asl, Professor of Structural Engineering
astaneh@ce.berkeley.edu

**Los Padres National Forest Wildfire**

| San Diego, California, 2007 | | San Diego, California, 2007 |
|---|---|---|

Philippe Baumard, Professor of Management, University of Aix-en-Provence
pbaumard@berkeley.edu

Vinit Desai, Assistant Professor of Management, University of Colorado at Denver
vinit.desai@cudenver.edu

Center for Catastrophic Risk Management



**Southern California Wildfires**

**San Diego, California, 2007**



**Southern California Wildfires**

Jim Hunt, Professor of Environmental Engineering
hunt@ce.berkeley.edu
http://www.ce.berkeley.edu/faculty/faculty.php?name=Hunt

Howard Foster, Research Specialist III
hfoster@gisc.berkeley.edu

Ian Mitroff (Senior Investigator)
ianmitroff@earthlink.net
http://www.compcrisis.com/index.html
http://www.mitroff.net/index.html

John Radke, Professor of City & Regional Planning ratt@gisc.
berkeley.edu

**Graduate Student Researchers:**
Kofi Inkabi, Dept. of Civil and Environmental Engineering
inkabi@ce.berkeley.edu

Mary Kate Stimmler, Haas School of Business
mkstimmler@haas.berkely.edu

Rune Storesund, Dept. of Civil and Environmental Engineering
rstoresund@earthlink.net

Renaud Vidal, Fulbright Scholar, Université Paul Cézanne, France
renaudvidal@gmail.com

Kuo Yu, Haas School of Business
kuoyu@msn.com

**Administrative Support:**
Bob Barde, Deputy Director, Institute of Business and Economic
Research
barde@haas.berkeley.edu

Casondra Sobieralski, Web Coordinator, Institute of Business and
Economic Research
casondra@haas.berkeley.edu



**Southern California Wildfires**

**San Diego, California, 2007**



**Southern California Wildfires**

© Copyright 2006 Center for Catastrophic Risk Management. All Rights Reserved.
Institute for Business and Economic Research, F502, Haas, Berkeley, CA 94720-1922.    (510) 642-1922

**EXHIBIT E**

About    Research    Partners    News & Events    Publications    Contact Us

**Navigation**

**Partners**
- ▸ Corporate Partners
- ▸ Campuses
- ≫ Centers
- California Institutes for Science & Innovation

Home » Partners

# CITRIS Affiliate Centers

Berkeley Center for the Information Society (BCIS)
Berkeley Initiative in Soft Computing
Berkeley Institute of Design (BiD)
Berkeley Quantum Information & Computation Center
Berkeley Roundtable on the International Economy (BRIE)
View Sponsors »
Berkeley Seismological Laboratory (BSL)
Berkeley Sensor & Actuator Center (BSAC)
View Sponsors »
Berkeley Wireless Research Center (BWRC)
Berkeley Water Center (BWC)
Biosensor Group (BSG)
Center for Biophotonics, Science and Technology (CBST)
View Sponsors »
Center for Catastrophic Risk Management (CCRM)
Center for Computational Science and Engineering (CSE)
Center for Environmental and Water Resources Engineering (CEWRE)
Center for Geotechnical Modeling (CGM)
View Sponsors »
Center for Hybrid and Embedded Systems and Software (CHESS)
Center for Intelligent Systems (CIS)
Center for New Media(CNM)
Center for Optoelectronic Nanostructured SemiconductoR Technology
Center for the Built Environment (CBE)
View Sponsors »
Center of Integrated Nanomechanical Systems (COINS)
View Sponsors »
Computer Security Laboratory
View Sponsors »
Davis + Berkeley Cybersecurity (DETER + EMIST)
View Sponsors »
Electronic Cultural Atlas Initiative (ECAI)
Environmental Energy Technologies Division (EETD) of Lawrence Berk Laboratory
View Sponsors »
Experimental Social Science Laboratory (XLab)
Gigascale Systems Research Center (GSRC)
View Sponsors »

**Information and Communication Technologies for the Third World (IC**

**Institute for Data Analysis and Visualization (IDAV)**

**Institute of Transportation Studies (ITS)**

**Merced Energy/Water Initiative**

**Microfabrication Laboratory at U.C. Berkeley**

View Sponsors »

**Nanomaterials in the Environment, Agriculture, and Technology (NEAT**

**National Center of Excellence for Aviation Operations Research (NEXT**

View Sponsors »

**National Energy Research Scientific Computing Center (NERSC) of Law
National Laboratory**

**Optical Switching and Communications Laboratory**

View Sponsors »

**Pacific Earthquake Engineering Research Center (PEER)**

**Partners for Advanced Transit and Highways (PATH)**

View Sponsors »

**Reliable Adaptive Distributed systems Laboratory (RAD Lab)**

**Team for Research in Ubiquitous Secure Technology (TRUST)**

View Sponsors »

**UC Davis Genome Center**

**UCSC Environmental Monitoring Center (REINAS)**

**UCSC led ARO_MURI Dynamic Ad-Hoc Wireless Networks (DAWN)**

**UCSC led ONR-MURI Thermionic Energy Conversion Center**

**UCSC Storage Systems Research Center**

View Sponsors »

**Wireless Embedded Systems**

View Sponsors »

**Western Institute of Nanoelectronics (WIN)**

**Wireless Foundations**

<< Campuses                                    up        California Institutes for Sc

Last Updated: June 25, 2007 - 11:05am

# EXHIBIT F

```
----- Original Message -----
From: "Christopher Patti" [Christopher.Patti@ucop.edu]
Sent: 02/26/2008 11:51 AM PST
To: Shannon Kasley
Cc: Scott Joanen" <scott@jbrunolaw.com>
Subject: In Re Katrina Canal Breaches Litigation--WGI subpoenas to UC
Berkeley faculty
```

Shannon,

Last Friday, Professors Seed, Bray, Riemer and Pestana produced documents in relating to their ILIT work to Lefarge North America, Inc. The production included both hard copy documents (which were digitally scanned) and electronic files. Counsel for LNA is sending me a set of CDs containing the document scans and electronic files, and I should have them tomorrow or Thursday. Please let me know how you would like to arrange for copying of this material in response to Washington Group International, Inc's subpoenas to Professors Seed, Bray, Riemer and Pestana. We could make space available at my offices in Oakland if you want to send someone to make copies. Alternatively, you may wish to make arrangements to obtain copies directly from LNA's counsel.

I would also like to know your intentions with respect to the March 12 hearing on your Cross-Motion to Compel production of documents from the UC Berkeley Center for Information Technology Research in the Interest of Society. As I indicated to you on January 22, CITRIS is not in possession, custody, or control of documents responsive to the subpoena. The individuals you have more recently served with subpoenas are either making production of their responsive documents (Professors Seed, Bray, Riemer and Pestana) or have moved to quash (Professor Bea). In these circumstances, proceeding with your Cross-Motion against CITRIS would be a waste of the parties' and the Court's time, which you have a responsibility to avoid.

Regards,

Christopher M. Patti
University Counsel
1111 Franklin St., 8th Fl.
Oakland, CA 94607
Tel: (510) 987-9800
Fax: (510) 987-9757